# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 23, 2025

```
*  *  *  *  *  *  *  *  *  *  *  *  *
VENETIA ROYSTER,                      *          Unpublished
as natural guardian and legal         *
representative of her minor daughter, *
M.L..,                                *
                                      *
          Petitioner,                 *          No. 23-460V
                                      *
v.                                    *          Special Master Gowen
                                      *
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
          Respondent.                 *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

*Nancy R. Meyers,* Turning Point Litigation, Greensboro, NC, for petitioner.
*Julianna R. Kober,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION AWARDING DAMAGES[1]

On March 31, 2023, Venetia Royster, as natural guardian and legal representative of her minor daughter, M.L., filed a petition for compensation under the National Vaccine Injury Compensation Program.[2]  Petition (ECF No. 1).  Petitioner alleges that M.L. developed an intramuscular methicillin resistant Staphylococcus aureus ("MRSA") abscess as a result of receiving the diphtheria, tetanus, pertussis vaccine ("DTaP vaccine") on January 24, 2022.  *Id.*  On April 5, 2024, I ruled the petitioner is entitled to compensation for M. L.'s injury.  Ruling on Entitlement (ECF No. 18).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the decision will be available to anyone with access to the Internet.**  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  *Id.*  **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.**  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On January 22, 2025, respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A. Proffer (ECF No. 32). Based on the record as a whole, I find the proffer reasonable and adopt it as the Decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the Proffer, attached as Appendix A, I award petitioner:

(1) For pain and suffering, an amount of $38,000.00 to purchase an annuity contract, paid to the life insurance company from which the annuity will be purchased, subject to the conditions described in Section II.A, that will provide payments to M.L. as set forth below:
    a.  A certain lump sum of $28,549.49 payable on September 22, 2042.
    b.  A certain Lump Sum of $32,641.52 payable on September 22, 2045.
    c.  A certain Lump Sum of $37,247.86 payable on September 22, 2048.

(2) A lump sum of $22,087.45 paid to petitioner as guardian/conservator of the estate of M.L., representing reimbursement of a Medicaid lien for services rendered to M.L. by the State of North Carolina, should be awarded in the form of a check payable jointly to petitioner and:

Healthy Blue
Ref. Claim No.: 146142966
Attn: Megan Park
PO Box 659940
San Antonio, TX 78265-9939

These amounts represent all elements of compensation to which M.L. would be entitled under 42 U.S.C. § 300aa-15(a).

I approve the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment herewith.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| VENETIA ROYSTER, *as Natural Guardian and Legal Representative of her Minor Daughter, M.L.*, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 23-460V <br> Special Master Gowen <br> ECF |

**PROFFER ON AWARD OF COMPENSATION[1]**

### I.    Procedural History

On March 31, 2023, Venetia Royster, ("petitioner") as mother and natural guardian of her minor child, M.L., filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act").  Petitioner alleged that M.L. suffered an intramuscular methicillin resistant Staphylococcus aureus ("MRSA") abscess, as the result of a Diphtheria-Tetanus-Pertussis ("DTaP") vaccination received on January 24, 2022.  Petition at 1.

On April 5, 2024, respondent filed his Vaccine Rule 4(c) report, concluding that M.L. suffered a non-specific mass on her left leg and that no other causes for such mass have been identified.  *See* Respondent's Report at 7.  That same day, Special Master Gowen issued a ruling

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

on entitlement, finding that petitioner was entitled to compensation for M.L.'s injury.  Respondent

now proffers that petitioner be awarded the damages described below.

## II.    Items of Compensation and Form of the Award

Based upon the evidence of record, respondent proffers, and the parties recommend, that

the compensation provided to M.L. should be made through a lump sum and future annuity

payments as described below, and request that the Special Master's decision and the Court's

judgment award the following:[2]

### A.  Pain and Suffering

For pain and suffering, an amount not to exceed $38,000.00 to purchase an annuity

contract,[3] paid to the life insurance company[4] from which the annuity will be purchased,[5] subject

---

[2] Should M.L. die prior to entry of judgment, the parties reserve the right to move the Court for
appropriate relief.  In particular, respondent would oppose any award for future medical
expenses, lost future earnings, and future pain and suffering.

[3]  In respondent's discretion, respondent may purchase one or more annuity contracts from one
or more life insurance companies.

[4]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus,
exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have
one of the following ratings from two of the following rating organizations:

      a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

      b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

      c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-,
         AA, AA+, or AAA;

      d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability
         Rating:  AA-, AA, AA+, or AAA.

[5]  Petitioner authorizes the disclosure of certain documents filed by petitioner in this case
consistent with the Privacy Act and the routine uses described in the National Vaccine Injury
Compensation Program System of Records, No. 09-15-0056.

to the conditions described below,[6] that will provide payments to M.L. as set forth below:

    a.    A certain Lump Sum of $28,549.49 payable on September 22, 2042.
    b.    A certain Lump Sum of $32,641.52 payable on September 22, 2045.
    c.    A certain Lump Sum of $37,247.86 payable on September 22, 2048.

The purchase price of the annuity described in this section II.A shall neither be greater nor less than $38,000.00. In the event that the cost of the certain lump sum annuity payments set forth above varies from $38,000.00, the certain lump sum payable on September 22, 2048, shall be adjusted to ensure that the total cost of the annuity is neither less than nor greater than $38,000.00. Should M.L. predecease payment of any of the certain lump sum payments set forth above, said payments shall be made to her estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of M.L.'s death. Petitioner agrees.

    B.  Medicaid Lien

Respondent proffers that petitioner, for the benefit of M.L., should be awarded funds to satisfy the State of North Carolina Medicaid lien in the amount of **$22,087.45**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of North Carolina may have against any individual as a result of any Medicaid payments Carelon or the State of North Carolina has made to or on behalf of M.L. from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related

---

[6] The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioners and petitioners' heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

injury suffered on or about January 24, 2022, under Title XIX of the Social Security Act.

Respondent proffers that a lump sum of $22,087.45, representing reimbursement of a Medicaid

lien for services rendered to M.L. by the State of North Carolina, should be awarded in the form

of a check payable jointly to petitioner and:

Healthy Blue
Ref.: Claim No. 146142966
Attn: Megan Park
PO Box 659940
San Antonio, TX 78265-9939

Petitioner agrees to endorse the check to M.L. for satisfaction of the Medicaid lien.

These amounts represent all elements of compensation to M.L. would be entitled under

42 U.S.C. § 300aa-15(a).  Petitioner agrees.[7]

## III.    Summary of Recommended Payments Following Judgment

A.    An amount of $38,000.00 to purchase the annuity contract
described above in section II.A.                                          **$38,000.00**

B.    Lump sum paid to petitioner as guardian/conservator of the
estate of M.L. for the benefit of M.L. representing reimbursement
of a Medicaid lien for services rendered to M.L by the State of
North Carolina                                                           **$22,087.45**

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[7] At the time payment is received, M.L. will be an adult, and thus guardianship is not required. However, petitioner has been duly appointed as M.L.'s guardian *ad litem* by a North Carolina State Court for purposes of obtaining Court approval of the parties' agreement.

4

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

*/s/ Julianna R. Kober*
Julianna R. Kober
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 742-6375
Julianna.R.Kober@usdoj.gov

Date:  January 22, 2025